UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES CHRISTOPHER FONCK III, | : : : | |
| Plaintiff, | : : | No. 3:18-cv-1283 (KAD) |
| v. | : : | |
| SEMPLE, et al., | : : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION**

**Preliminary Statement**

The plaintiff, Charles Christopher Fonck III ("Fonck"), commenced this action to challenge his sex treatment needs score. He argued that his classification violated his Fourteenth Amendment rights to due process and equal protection of the laws. Fonck claimed that he was subjected to more stringent conditions of confinement and denied programming and Risk Reduction Earned Credit in violation of the Eighth Amendment. Fonck also asserted a claim for violation of Article first, section 9 of the Connecticut Constitution. On September 27, 2018, the Court dismissed all Eighth Amendment claims as well as the equal protection claim. ECF No. 9. The Fourteenth Amendment due process claim and the state constitutional claim challenging the classification procedures and their application to Fonck were permitted to proceed. *Id.*

Fonck requests leave to amend his complaint. The proposed amended complaint: (1) seeks to add an additional defendant, Correctional Officer Rose; (2) re-asserts the dismissed equal protection claim; (3) adds an ex post facto claim; (4) adds Eighth Amendment claims against defendants Hubbard, Lugo, and Rose; and (5) adds due process and equal protection

claims pursuant to Article first, sections 8, 10, and 20 of the Connecticut Constitution. The defendants oppose the motion because, they assert, amendment would be futile.

**Standard of Review**

The district court has broad discretion when determining whether leave to amend a complaint should be granted. *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Leave to amend generally should be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may deny leave to amend, however, for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

**Discussion**

The proposed Amended Complaint, with attachments is 320 pages. Therein, Fonck reiterates the previously permitted due process claim and seeks to add or reinstate other claims. As with the original complaint, the Court must review the amended complaints and dismiss any portion of the amended complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Thus, before deciding whether leave to amend should be granted, the Court will review the proposed amended complaint to ascertain whether it contains facts that would support plausible claims for relief. If it does not, amendment would be futile and the motion to amend must be denied.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Officer Rose & Eighth Amendment Claims

In his original complaint, Fonck asserted an Eighth Amendment claim based on unconstitutional conditions of confinement citing forfeiture of Risk Reduction Earned Credit, ineligibility for certain educational and job opportunities, and the denial of parole and community placement. The Court dismissed this claim determining that Fonck had not alleged the denial of any basic human need, only the deprivation of opportunities or privileges. Doc. No. 9 at 10-11. In the proposed amended complaint, Fonck asserts an Eighth Amendment claim against defendants Hubbard, Lugo, and Rose, alleging these defendants placed him at risk of serious harm or death through their actions.

Fonck makes the following allegations to support this claim. On November 23, 2016, defendant Lugo, accompanied by defendant Hubbard, gave Fonck his Offender Accountability Plan. Doc. No. 45-1, ¶¶ 35-36. The plan required Fonck to participate in sex offender treatment. *Id.*, ¶ 37. When Fonck questioned this requirement, defendant Lugo threatened to make Fonck pay if he did not sign the form. *Id.*, ¶ 38. Defendant Hubbard commented, "Don't worry we make sure inmates with those kind of charges live comfortably." *Id.*, ¶ 39. Fonck refused to sign the form. *Id.*, ¶ 40. Shortly thereafter, defendant Lugo left a copy of the Offender Accountability Plan face-up on Fonck's bunk while he was at recreation. *Id.*, ¶¶ 41-42.

3

Other inmates saw the plan and began referring to Fonck as a rapist or ripper. *Id.*, ¶¶ 43-44. Gang members approached Fonck and threatened to harm him if he did not pay them weekly with commissary items. *Id.*, ¶ 45. When Fonck refused, he was beaten in the bathroom or shower. *Id.*, ¶ 46. Defendant Lugo issued Fonck a disciplinary report for refusing an institutional program. *Id.*, ¶ 48. Fonck pleaded not guilty. *Id.*, ¶ 49.

On December 5, 2016, defendant Hubbard approached Fonck in the dayroom. *Id.*, ¶ 63. Defendant Hubbard ordered Fonck to get his identification. *Id.*, ¶ 66. When Fonck refused, defendant Hubbard stated he would get Fonck "out of here one way or another." *Id.*, ¶ 67. Defendant Hubbard issued Fonck a disciplinary report for disobeying a direct order. *Id.*, ¶ 69. Fonck contends that defendant Hubbard was harassing him and denied disobeying a direct order. *Id.*, ¶ 71. He pleaded not guilty. *Id.*, ¶ 72.

The following morning, defendants Rose and Hubbard were on duty in the housing unit. *Id.*, ¶ 95. Defendant Rose conducted an allegedly random search of Fonck's bunk and discovered two nails. *Id.*, ¶¶ 76-78. Fonck denied possession of the nails. *Id.*, ¶ 79. Defendant Rose issued Fonck a disciplinary report for possession of contraband. *Id.*, ¶ 81. After this charge was dismissed, defendant Rose issued Fonck a second disciplinary report for insulting language. *Id.*, ¶¶ 82-83. Fonck denies using insulting language. *Id.*, ¶ 84.

At the disciplinary hearings on the disciplinary charge issued by defendant Hubbard and the second disciplinary charge issued by defendant Rose, Fonck requests the video surveillance footage. *Id.*, ¶ 89-92. The Hearing Officer found Fonck guilty of both charges without reviewing the footage. *Id.*, ¶¶ 93-94.

To state a claim for deliberate indifference to inmate safety under the Eighth Amendment, a prisoner must show that the alleged conduct was sufficiently serious, and that the

4

defendant acted with a sufficiently culpable state of mind, that is, he acted maliciously and sadistically to cause harm. *See Orr v. Marquis*, No. 3:18-CV-1908(MPS), 2019 WL 161504, at *3 (D. Conn. Jan. 10, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The defendant must have been aware of, and deliberately disregarded, an excessive risk to an inmates health or safety. *Id.* (citations omitted); *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 357 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference). When evaluating a claim for failure to protect an inmate from harm or deliberate indifference to inmate safety, the court considers "the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. County of Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

Fonck alleges that defendant Lugo placed the Offender Accountability Plan on his bunk facing up so other inmates could learn of his classification. He further alleges that, after learning of his classification, other inmates taunted him and gang members attempted to extort him and assaulted him when he refused the extortion demand. The allegations are sufficient to state a plausible claim for deliberate indifferent to inmate safety. Accordingly, the motion to amend is granted to include an Eighth Amendment claim against Defendant Lugo.

Fonck also alleges that defendant Hubbard made a comment that Fonck interpreted as harassment or a threat. Verbal harassment and threats do not rise to the level of a constitutional violation. *See, e.g., Holland v. City of New York*, 197 F. Supp. 3d 529, 546 (S.D.N.Y. 2016) (verbal threat or abuse without more insufficient to state claim under section 1983) (citing cases); *Ruffino v. Murphy*, No. 3:09-cv-1287(VLB), 2010 WL 1444562, at *4 (D. Conn. Apr. 12, 2010) (allegations of verbal abuse and threats, unaccompanied by physical injury or damage, are not

5

cognizable under section 1983). Fonck does not allege that defendant Hubbard told anyone that Fonck had a sexual treatment needs score that required him to attend a sexual treatment program or that he suffered any injury as a result of defendant Hubbard's statement. Thus, this allegation is insufficient to state a claim against defendant Hubbard for deliberate indifference to inmate safety. The motion to amend to include an Eighth Amendment claim against Hubbard is denied.

Fonck also alleges that defendants Hubbard and Rose harassed him by issuing false disciplinary reports and making comments. Specifically, he alleges that Hubbard issued a false disciplinary report for refusing a direct order and defendant Rose allegedly found the two nails and issued a disciplinary report. He further alleges that after the report was dismissed, Rose issued him a second false report for using insulting language. Although Fonck asserts these claims as Eighth Amendment violations, they are more properly brought and analyzed under the due process clause.

The issuance of false disciplinary reports is insufficient, without more, to establish a denial of due process. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). A false disciplinary report "violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights." *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005). With respect to Rose, the only allegation relating to the disciplinary hearing on the insulting language charge is that the hearing officer would not review the surveillance footage. However, the charge was based on what Fonck said, not what he did. The surveillance footage would not shed light on what he said. Thus, Fonck has not identified any procedural protections he was denied in connection with this purportedly false disciplinary report. Nor has Fonck plausibly pled

that Rose was motivated by retaliation for Fonck's exercise of his substantive constitutional rights. The motion to amend to include this claim against Rose is denied.

With respect to Hubbard, Fonck concedes that he refused the order to get his identification. Regardless of the motive for issuing the order, Fonck refused to obey it. Thus, the disciplinary report issued by defendant Hubbard was not false and there is no factual basis for the claim against defendant Hubbard based on the disciplinary report. The motion to amend to include this claim against Hubbard is denied.

### Equal Protection Claim

Fonck alleges that defendants Semple, Maiga, Tugie, and Wright violated his right to equal protection of the laws. The Court previously dismissed this claim because Fonck did not identify any similarly situated inmates who were treated differently; he did not allege facts showing that other inmates with non-conviction reports of sexual misconduct were classified in a different manner or given lower sexual treatment needs scores. Doc. No. 9 at 9. These deficiencies remain. The motion to amend the complaint to re-assert this claim is denied.

### Ex Post Facto Claim

Fonck contends that defendants Semple, Maiga, Tugie, and Wright have enforced and applied defective and deficient policies against him in violation of the ex post facto clause. Specifically, he contends that requiring him to complete a sex offender treatment program when he is not a sex offender is an ex post facto violation because he is being punished for a crime he never committed.

The ex post facto prohibition precludes Congress and the States from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that prescribed." *Weaver v. Graham*, 450 U.S. 24, 28

7

(1981). The ex post facto clause applies only to laws that increases an inmate's punishment. For example, in *Weaver*, the Supreme Court held that a state statute, enacted after the petitioner was sentenced, which reduced the good-time credit a prisoner could receive made the petitioner's punishment more onerous thereby violating the ex post facto clause. *Id.* at 35-36.

The ex post facto clause does not apply to laws that are "merely procedural." *Bottom v. Pataki*, 610 F. App'x 38, 41 (2d Cir. 2015) (ex post facto prohibition does not apply to statutes concerning parole); *see also DiNapoli v. Northeast Regional Parole Comm'n*, 764 F.2d 143, 146 (2d Cir.) (change regarding offense severity rating, a factor considered in determining parole, did not mandate a particular result so was not law within meaning of ex post facto clause), *cert. denied*, 474 U.S. 1020 (1985). Nor does it apply to Department of Correction guidelines or administrative directives. *Connelly v. Lantz,* 366 F. App'x 194, 195 (2d Cir. 2010)("*Ex Post Facto* Clause does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion") *see also, Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001).

Fonck alleges that he was sentenced to a three-year term of imprisonment and will be required to serve the entire term. His claim focuses on his desire to take advantage of opportunities for early release. This however does not implicate the ex poste facto clause. Indeed, Fonck has not identified any law passed after he was sentenced that has been applied retroactively to his disadvantage. He is challenging a prison directive effective July 1, 2006, Doc. No. 45-1 at 50-62, and a classification manual revised in April 2012, Doc. No. 45-1 at 69-134. The motion to amend to add a claim under the ex poste facto clause is denied.

<u>State Constitutional Claims</u>

Fonck seeks leave to add claims for violation of Article first, sections 8, 10, and 20 of the Connecticut Constitution. If these claims were added, the Court would need to exercise supplemental jurisdiction over these claims. For the following reasons, the Court declines to do so and the motion to amend to add these claims is therefore denied.

Article first, section 8 provides: "No person shall be … deprived of life, liberty or property without due process of law…." Conn. Const. art. 1, § 8. The Connecticut Supreme Court has not recognized a private right of action under Article first, section 8. *See Gothberg v. Town of Plainfield*, 148 F. Supp. 3d 168, 187-88 (D. Conn. 2015) (declining to exercise supplemental jurisdiction over state constitutional claim under Article first, section 8 because decision to recognize private right of action under this section raises novel or complex issue of state law); *see also Doe v. Mastroloni*, No. 3:14-cv-718(CSH), 2016 WL 593439, at *17 (D. Conn. Feb. 1, 2016) (declining to exercise supplemental jurisdiction over state constitutional claims, including violation of Article first, section 8, where state courts have declined to recognize a private right of action) (citing cases). Article first, section 10 provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Conn. Const. art.1, § 10. The Connecticut Supreme Court has held that "Article first, § 10 … does not itself create any new substantive rights but, instead, protects access to [Connecticut state] courts." *Binette v. Sabo*, 244 Conn. 23, 30, 719 A.2d 688, 691-92 (1998). As no substantive rights are created, there is no legal basis for a claim under this section. *See Lopez v. Smiley*, 375 F. Supp. 2d 19, 24-26 (D. Conn. 2005) (declining to exercise supplemental jurisdiction over claims under, *inter alia*, Article first, section 10). Article first, section 20 is the state equal protection clause. Again, courts have not found a private right of action under this

provision. *See Mastroloni*, 2016 WL 593439, at *17 (citing *Crowley v. Town of Enfield*, No. 3:14-cv-1903(MPS), 2015 WL 4162435, at *3 (D. Conn. July 9, 2015); *M.A. v. City of Torrington*, No. 3:10-cv-1890(JBA), 2012 WL 3985166, at *4 (D. Conn. Sept. 10, 2012); *Marshall v. Town of Middlefield*, No. 3:10-cv-1009(JCH), 2012 WL 601783, at *9 (D. Conn. Feb. 23, 2012); *Silvera v. Connecticut Dep't of Corr.*, 726 F. Supp. 2d 183, 199 (D. Conn. 2010)).

It is inappropriate for a federal court to exercise supplemental jurisdiction over state law claims that raise novel and complex questions that are not well-developed under state law. *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim" that "raised a novel or complex issue of State Law….").

**Orders**

Fonck's motion for leave to amend [**Doc. No. 45**] is **GRANTED** in part. The motion is granted to the extent that Fonck may add an Eighth Amendment claim against defendant Lugo for deliberate indifference to inmate safety. The motion to amend is **DENIED** in all other respects.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of April 2019.

_____/s/_____
Kari A. Dooley
United States District Judge